UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Marc Hefferan,<br><br>Plaintiff,<br><br>– against–<br><br><br>TD Bank USA, N.A., and Meyer & Njus, P.A.,<br><br>Defendant(s). | Civil Action No.<br><br><br><br>**COMPLAINT** |

**COMPLAINT**

Plaintiff, Marc Hefferan (hereinafter "Plaintiff"), by and through his attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, TD Bank USA, N.A. and Meyer & Njus, P.A., alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**PARTIES**

2. Plaintiff, Marc Hefferan, is an adult citizen of the state of Minnesota, domiciled in Minneapolis, MN.

1

3. Defendant, TD Bank USA, N.A. ("TD Bank"), is a financial institution that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 2035 Limestone Road, Wilmington, DE 19808.

4. Defendant, Meyer & Njus, P.A. ("Meyer & Njus"), is a for profit business entity organized and existing under the law of Minnesota that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 200 South Sixth Street, Suite 1100, Minneapolis, MN 55402. The principal business purpose of Meyer & Njus is the collection of debts using the mails and telephone, and Meyer & Njus regularly attempts to collect debts alleged to be due to another.

5. Meyer & Njus is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

8. Venue is proper in Delaware pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

9. Meyer & Njus attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to TD Bank.

10. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

11. On or about September 30, 2016, Plaintiff and Patenaude & Felix, A.P.C. ("Patenaude"), on behalf of TD Bank entered into a settlement agreement for Plaintiff's TD Bank account ending in 6717. A copy of the settlement agreement is attached hereto as Exhibit A.

12. Pursuant to the terms of the settlement, Plaintiff was required to make four (4) payments totaling $892.00 to settle and close his TD Bank account.

13. Thus, TD Bank acknowledged in writing that they had agreed to a settlement of Plaintiff's TD Bank account ending in 6717, in consideration for the payment which Plaintiff would be required to make.

14. Via his debt settlement law firm, the Law Offices of Robert S. Gitmeid & Assoc., PLLC ("Gitmeid"), Plaintiff timely made the requisite settlement payment to a trust account which was set up for purposes of funding the settlement.

15. TD Bank, however, never withdrew the electronic settlement payment from Plaintiff's trust account. A statement of Plaintiff's trust account balances during the relevant time period is attached hereto as Exhibit B.

16. Although the funds were made available for TD Bank, the payment was never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account, which had been set up and funded for the aforementioned settlement.

17. Thereafter, on October 13, 2016, Gitmeid contacted Patenaude to resolve the payment discrepancy.

18. A Patenaude representative named Jovanna explained that the account was recalled by TD Bank.

19. Later that afternoon, Gitmeid contacted TD Bank which automatically directed Gitmeid to contact Meyer & Njus.

20. On October 21, 2016, Gitmeid contacted Meyer and spoke with a Meyer representative named Kate.

21. Kate stated that Meyer would not honor the previous settlement agreement and that the account needed to be renegotiated.

22. Defendants' reneging on the settlement agreement with Plaintiff constitutes a breach of the settlement agreement, which was a legally binding contract.

23. Meyer & Njus knew or should have known that its actions violated the FDCPA. Additionally, Meyer & Njus could have acted in compliance with the FDCPA, but refused to do so.

24. Meyer & Njus failed to adequately review its actions to ensure compliance with the FDCPA.

25. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless,

negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I
(Breach of Contract)

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28. TD Bank acknowledged in writing that it had agreed to a settlement with Plaintiff, in consideration for the settlement payments, which Plaintiff would be required to make.

29. The settlement agreement constituted a legally binding contract.

30. Plaintiff timely made the first requisite payment, in accordance with the settlement agreement.

31. Although the funds were made available for TD Bank, the payment was never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account.

32. TD Bank reneging on the settlement agreement with Plaintiff was a breach of contract.

33. As a result of TD Bank's breach of contract, Plaintiff has suffered actual and monetary damages.

## COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

34. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

35. TD Bank owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement entered into between TD Bank and Plaintiff.

36. By way of the foregoing conduct, TD Bank breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement.

37. TD Bank has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

38. As a result of TD Bank's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III
(Fair Debt Collection Practices Act)

39. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

40. The above contacts between Meyer & Njus and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

41. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

42. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

43. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

44. Meyer & Njus violated the FDCPA by collecting on the original balance from Plaintiff despite being aware that the account was already settled and had a settlement balance of only $892.00.

45. Meyer & Njus knew or should have known that its actions violated the FDCPA. Additionally, Meyer & Njus could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the FDCPA.

46. As a result of the above violations of the FDCPA, Meyer & Njus is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendants as follows:

(a) That judgment be entered against TD Bank for actual and monetary damages accrued by Plaintiff as a result of TD Bank's breach of contract;

(b) That judgment be entered against TD Bank for actual and monetary damages accrued by Plaintiff as a result of TD Bank's breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Meyer & Njus for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Meyer & Njus for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*